JOHN N. AQUILINA
Attorney-at-Law
California Bar No. 096880
P.O. Box 80189
Rancho Santa Margarita, Ca. 92688
Telephone: 951-682-1700
E-Mail:     Aquilina@sbcglobal.net

Attorney for witness,
JOHNNY GERMAIN MACIAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL LERMA, et. al.,<br>　　　　　　Defendants. | Case No. 2:18-cr-00172-GW<br><br>NOTICE AS TO WITNESS JOHNNY MACIAS' AVAILABILITY<br><br>Hrg: 01-22-26; 8:00 a.m.; Ctrm: 9D |

TO: HON. GEORGE H. WU, JUDGE OF THE UNITED STATES DISTRICT COURT; COUNSEL FOR THE UNITED STATES OF AMERICA; COUNSEL FOR DEFENDANTS; AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:

As appointed counsel for Johnny Macias, who was ordered to be present on January 5, 2026, as a witness in the above-entitled matter, and in regard to a

1

hearing on a defense motion for a new trial, counsel John N. Aquilina, appeared on behalf of Mr. Macias, but Mr. Macias was not present.[1]

In the course of this hearing, a representative for the United States Marshals Service initially informed the court that Mr. Macias was not transported to court from MDC-Los Angeles, where he is housed, because they had not received a notice requiring his appearance. Subsequently, the Marshals' representative advised the court that Mr. Macias had refused to exit his cell to appear in court.

Based on this representation, the court directed counsel to confer with Mr. Macias and file this notice as to Mr. Macias' availability and intent to appear on January 22, 2026, for the hearing on the defense motion.

Later that day, on January 5, 2026, counsel appeared at MDC-Los Angeles, but was unable to meet and confer with Mr. Macias based on the BOP officer advising counsel that Mr. Macias was too ill to meet with counsel.

On January 6, 2026, counsel sent a letter to Mr. Macias directing him to contact counsel; and on January 9, 2026, counsel received a phone call from Mr. Macias, who sounded extremely congested and hoarse. Mr. Macias advised counsel that he developed a respiratory illness on January 4, 2026, and was

---

[1] Counsel has been appointed for, and currently represents, Mr. Macias in case number 8:22-cr-00132-JWH, in which he is charged with violations of 21 U.S.C. section 841, 18 U.S.C. section 924, subdivision (c), and 18 U.S.C. section 922, subdivision (g), and which is scheduled for trial on April 6, 2026.

physically unable to leave his bed and cell until January 7, 2026. As of this date, Mr. Macias stated he was only given Ibuprofen, continues to suffer from a severe sore throat and bodily aches and pains, causing him to spend most of the days in his bed. Counsel requested that Mr. Macias call him again on January 16, 2026, to obtain an update as to his medical status.

On January 16, 2026, counsel received another call from Mr. Macias, who sounded somewhat better, but stated he was still ill and confined to his bed most of every day. Mr. Macias was advised to call counsel again on January 20, 2026, to provide an update as to this medical condition.

As of the filing of this notice, counsel has not received a call follow-up call from Mr. Macias to assess his current medical condition.

During the January 16th telephone call, Mr. Macias also advised counsel, that based on prior consultations with counsel, if called to testify in this matter, he would assert his Fifth Amendment privilege to remain silent in order to avoid incriminating himself.

Dated: January 21, 2026, Mission Viejo, California.

Respectfully submitted,

 /s/ John N. Aquilina
JOHN N. AQUILINA
Attorney for witness,
Johnny Germain Macias

3